IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Howard Lewis, | ) | Case No. 6:26-cv-02250-SAC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Alan Wilson, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge, ECF No. 9, and Plaintiff's Motion to Amend, ECF No. 16. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

## BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a Complaint against Defendant Alan Wilson, South Carolina Attorney General, on June 5, 2026. ECF No. 1. In his Complaint, Plaintiff purports to assert claims under the Sixth and Fourteenth Amendments for denial of the right to a speedy trial, denial of assistance of counsel in his defense, lack of due process, deprivation of his liberty, and violation of equal protection. *Id*. Amongst other forms of relief, Plaintiff seeks injunctive and declaratory relief against the State of South Carolina. *Id*. On June 30, 2026, the Magistrate Judge issued a Report recommending that this action be summarily dismissed without prejudice, without leave to amend, and without issuance and service of process. ECF No. 9. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 19. On July 10, 2026, the Clerk docketed Plaintiff's objections to the Report. ECF No. 14.

1

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Because Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

"To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir.

2

2007)).  However, the Court need only review for clear error "those portions which are not objected to — including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"); *Regassa v. Warden of FCI Williamsburg*, No. 8:22-cv-466-SAL, 2023 WL 2386515, at *2 (D.S.C. Mar. 7, 2023) (concluding an objection was nonspecific because the petitioner "ignore[d] the magistrate judge's analysis and repeat[ed] the arguments he made in his opposition brief"); *Velez v. Williams*, No. 9:19-cv-03022-JMC, 2021 WL 837481, at *5 (D.S.C. Mar. 5, 2021) (reviewing for clear error only when the petitioner's objections were "rehashed, general, and non-specific"), *appeal dismissed*, 2021 WL 5879177 (4th Cir. Dec. 13, 2021).  Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the Magistrate Judge's recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

## **DISCUSSION**

The Magistrate Judge recommends dismissing this action because (1) Plaintiff failed to allege facts establishing a claim for supervisory liability against Defendant; (2) Defendant is immune from liability under the Eleventh Amendment and prosecutorial immunity; (3) Plaintiff's claims are not properly before the Court based on the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971); and (4) Plaintiff has not alleged facts sufficient to establish a Constitutional violation cognizable under 42 U.S.C. § 1983.  ECF No. 9 at 7-17.  In his objections, Plaintiff generally opposes dismissal, reiterates the allegations in his Complaint, and ignores the Magistrate Judge's analysis.  ECF No. 14.  The Court will, however, address three of Plaintiff's objections.

3

## I.    Supervisory Liability

First, the Magistrate Judge recommends dismissing Plaintiff's claims under § 1983 because his claims do not assert that Defendant engaged in any specific conduct directed at Plaintiff.  ECF No. 9 at 9-10.  Plaintiff's objections — liberally construed — appear to argue Defendant is liable under the doctrine of supervisory liability because he gave the solicitors unconstitutional control over the docket for Plaintiff's case, thereby creating the causal link between the Defendant's inaction and the length of time Plaintiff has been held in pre-trial detention.  *See* ECF No. 14 at 1-2.  Plaintiff cites *State v. Langford*, 735 S.E.2d 471 (S.C. 2012)) for the proposition that it is unconstitutional for the solicitors of the state to have exclusive control of the General Sessions docket.  *Id*. at 2.  This is accurate, and is exactly the reason Plaintiff's claims fail to establish a causal link: the solicitors do not run the state criminal docket and therefore Plaintiff cannot assert a claim against Defendant, as supervisor of the solicitors, for mismanagement of the docket.  *See Glenn v. Nelson*, 6:23-cv-00674-DCC, 2024 WL 1327312, at *4 (D.S.C. Mar. 28, 2024) (citing *Langford* and explaining that, post-*Langford*, the Chief Administrative Judge, *not* the solicitor, oversees the disposition and reconciliation of pending General Sessions cases).  Moreover, as explained in detail by the Magistrate Judge, *see* ECF No. 9 at 9-10, Plaintiff's claims are not properly before this Court under the *Younger* abstention doctrine and Plaintiff accordingly must first raise these claims in state court.  Thus, the Court finds Plaintiff has failed to allege facts establishing a claim of supervisory liability and overrules Plaintiff's objection.

## II.    *Younger* Abstention Doctrine

Second, Plaintiff raises the "Dombrowski doctrine" as an exception to *Younger* abstention. *See* ECF No. 14 at 3.  Under the *Dombrowski* doctrine, a federal court has discretion to enjoin threatened state criminal proceedings in order to protect the exercise of First Amendment rights

against impairment by a groundless or bad faith prosecution. *See Dombrowski v. Pfister*, 380 U.S. 479 (1965). Here, Plaintiff has not alleged any facts to establish such a claim, as the crux of his claims appears to be the length of time that has passed since his bond hearing, and not an infringement of his First Amendment rights. *See generally* ECF No. 1-1. Plaintiff's objection is accordingly overruled.

### III.    Eleventh Amendment Immunity and Prosecutorial Immunity

Third, Plaintiff argues Eleventh Amendment immunity does not forbid suing state officials in their official capacity for declaratory or injunctive relief. ECF No. 14 at 5. Even assuming for the purposes of review that Plaintiff has established each element of standing for declaratory and/or injunctive relief, the objection does not undermine the recommendation of dismissal. The Report discussed both Eleventh Amendment and prosecutorial immunity, in addition to the numerous other grounds for dismissal. *See* ECF No. 9 at 9; *id*. at 7–17. Accordingly, Plaintiff's objection is overruled.

### IV.    Plaintiff's Remaining Objections

Finally, the Court concludes that Plaintiff's remaining objections, liberally construed, fail to address the Report's findings and recommendations. Nevertheless, out of an abundance of caution for the *pro se* party, the Court has conducted a *de novo* review of the entire Report, the record, and the applicable law.

### **CONCLUSION**

Having thoroughly reviewed the Report and the record in this case, the Court accepts the Report and Recommendation of the Magistrate Judge on all grounds and incorporates it by reference. Accordingly, this action is summarily **DISMISSED** without prejudice, without leave

to amend,[1] and without issuance and service of process, and Plaintiff's Motion to Amend [ECF No. 16] is **DENIED**.[2]

       IT IS SO ORDERED.

_____
United States District Judge

August 13, 2026
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

     The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] The Court agrees with the Magistrate Judge that any attempt to cure the deficiencies in the Complaint would be futile. ECF No. 9 at 17 n.3.

[2] Plaintiff's motion is entitled "Amend New Found (sic) Evidence with Claim Needed to be Added" and references two attachments comprised of Plaintiff's correspondence with the South Carolina Supreme Court regarding a Writ of Mandamus. ECF No. 16. Nothing in the Motion alters or undermines the Magistrate Judge's recommendation of dismissal, and the Motion is accordingly denied.